UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                      Misc. No.
                                              05-X-70120

vs.

                                            HON. BERNARD A. FRIEDMAN

NELSON NNAJI,

    Defendant.

_____/

## OPINION AND ORDER DENYING CLAIMANTS' MOTIONS TO CONTEST THE FORFEITURE OF CERTAIN PARCELS OF REAL PROPERTY

This matter is before this court on Sylvester Nnaji's motion to contest the forfeiture of two parcels of real property located in Detroit, Michigan, and Sonji Rene Nnaji's Petition For Ancillary Proceeding Regarding one of these parcels. Since neither Sylvester Nnaji nor Sonji Nnaji have standing to contest the forfeitures, their motions are denied.

On August 14, 2002, Nelson Nnaji was charged with Conspiracy to Possess with Intent to Distribute one kilogram or more of heroin (Count 1), and Forfeiture (Count 2). The forfeiture count specified that the defendant would forfeit to the United States, if found guilty of Count 1, any real property having any connection to the drug dealing, including the two pieces of real property that are presently at issue. Count 1 derived from Nelson Nnaji's conduct beginning in November 1999 and continuing until January 30, 2002. On June 9, 2004, a jury found Nelson Nnaji guilty of both counts. The judgment was entered on September 29, 2004. The guilty verdict and subsequent

judgment established that the property located at 14832 Woodmont and 18255 Harlow in Detroit, Michigan, was lawfully subject to forfeiture by the government. A preliminary order of forfeiture for both parcels of property was filed on November 29, 2004.

On January 7, 2005, Sylvester Nnaji filed a motion to contest the forfeiture of both parcels. He asserts standing to contest the forfeiture at 18255 Harlow because he is the owner of the property, and only temporarily transferred the property to Nelson Nnaji pending his own deportation proceedings.[1] With respect to 14832 Woodmont, Sylvester Nnaji claims he established a property interest by lending money to Nelson Nnaji for fencing, garage, and cementing improvements. After Sylvester Nnaji made this loan, Nelson Nnaji allegedly orally agreed that Sylvester Nnaji had an interest in the property located at 14832 Woodmont.

On January 7, 2005, Sonji Rene Nnaji filed a petition for a hearing to adjudicate her interest in the real property located at 14832 Woodmont. She asserts a legal interest in the property because she loaned Nelson Nnaji money to renovate the house in return for a promissory note from him stating that she could establish a lien on the property if he failed to reimburse her. Sonji Rene Nnaji never filed her alleged lien on the property located at 14832 Woodmont.

Under the Forfeiture Act, 21 U.S.C. § 853(n)(6), third parties who seek to set aside the forfeiture of properties of a criminal defendant must fulfill specific requirements. In order to contest the forfeiture, they must either have a superior interest that is vested in the property at the time that the property becomes subject to the forfeiture, or must qualify under one of the narrow exceptions.

On January 30, 1997, the State's Department of Natural Resources transferred, by deed, to

---

[1] On June 16, 1997, Sylvester Nnaji transferred all of his interest in the property located at 18255 Harlow to Nelson Nnaji through a quitclaim deed. Therefore, at the time of the criminal activity at issue in this case, Sylvester Nnaji did not have any interest in the property.

Nelson Nnaji the property located at 14832 Woodmont. Subsequently, both petitioners funded improvements for the property. Neither petitioner recorded any lien against the property. As general creditors, both Sylvester and Sonji Nnaji lack standing to contest the forfeiture of this property to the government, and instead must wait until the property is sold to assert a claim for a portion of the proceeds. *See United States v. Campos,* 859 F.2d 1233, 1238 (6th Cir.1998). The Forfeiture Act was not meant to serve as a vehicle by which all innocent third parties who are aggrieved by an order of criminal forfeiture can petition for judicial relief. *See id.* Rather, § 853(n)(6)(A) and (B) are intended to accord standing to only two narrow classes of third parties, and requires all other third parties to petition the Attorney General for relief. *United States v. Harris*, 246 F.3d 566, 574 (6th Cir.2001). Accordingly,

    IT IS ORDERED that both petitioners' motions to contest the forfeitures are denied.

    IT IS FURTHER ORDERED that Sonji Rene Nnaji's request for a thirty day extension to obtain a lawyer is denied as moot.

    _s/Bernard A. Friedman_____
    BERNARD A. FRIEDMAN
    CHIEF UNITED STATES DISTRICT JUDGE

Dated: April 22 2005
       Detroit, Michigan